FILED

2007 Jun-12  PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD NEWKIRK WILDER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.  7:06-CV-1774-RDP** |
| | } | |
| **SIGMA NU FRATERNITY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it Defendants' Motion to Dismiss to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #38) filed March 14, 2007.  The motion was under submission as of June 7, 2007, when the court held oral argument by telephone conference.  For the reasons outlined below, the court finds that the motion is due to be denied.

## I.      Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party."  *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)).  Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369

(11th Cir. 1997) (emphasis in original).   Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim.  We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

## II.     Relevant Facts as Alleged in Plaintiff's Complaint

On September 7, 2006, Plaintiff Richard Wilder brought allegations of negligence; negligent hiring, training, and supervision; assault; battery; trespass; and wantonness against Defendants Sigma Nu Fraternity, Inc. ("Sigma Nu"), Theta Chapter of Sigma Nu ("Theta Chapter"), Sigma Nu Chapter House Co., Inc. ("Chapter House"), and Kenneth Gipson ("Gipson").  (Doc. # 1).  Plaintiff's claims arise out of an incident that took place in the early morning hours of Saturday, September 11, 2004, at a band party held at the Sigma Nu Fraternity house located on the campus of the University of Alabama in Tuscaloosa, Alabama.   (Doc. # 1, at 2).  Plaintiff, who was a member of Sigma Nu and a student at the University of Alabama, was invited to attend, and did attend, the band party.  (Doc. # 1, at 2).

During the course of the party, Defendant Gipson and a companion gained access to the fraternity house and were asked to leave by Sigma Nu members who discovered them in the kitchen of the house.   (Doc. # 1, at 2-3).  Thereafter, an altercation ensued between the Sigma Nu members and Defendant Gipson and his companion wherein some of the Sigma Nu members attempted to

throw the men out of the house.  (Doc. # 1, at 3).  During that altercation, several Sigma Nu members directed racial epithets at Gipson and his companion, who in turn threatened to kill several of the Sigma Nu members involved in the altercation. (Doc. # 1, at 3).

While the Sigma Nu members were throwing Gipson and his companion out of the house, Gipson attacked Plaintiff, who was standing in the front yard of the house, and stabbed Plaintiff on his left temple with a five inch stiletto knife.  (Doc. # 1, at 3).  Plaintiff suffered severe injuries that required extensive surgeries and medical treatment and that will impair him for the rest of his life. (Doc. # 1, at 3-4).

Plaintiff asserts claims of (1) negligence; (2) negligent hiring, training and supervision; and (3) wantonness against Theta Chapter, Sigma Nu, and Chapter House, and he also asserts a claim of negligence under the doctrine of *respondeat superior* against Sigma Nu.  Although Defendant Sigma Nu moved to dismiss the claims against it on October 2, 2006 (Doc. # 9), the court denied that motion.[1]  (Docs. # 14, 15).

## III.   Discussion

A federal district court may exercise subject matter jurisdiction over a civil action like the case at hand – in which only state law claims are alleged – only if the 28 U.S.C. § 1332(a)(1) requirements of diversity jurisdiction are met.  Specifically, Section 1332 requires both that citizens of different states be involved in the suit and that the amount in controversy exceed $75,000, exclusive of interest and costs.  In the instant case, the sole matter in dispute is whether diversity of

---

[1] Defendant's motion made three primary arguments in favor of dismissal of Plaintiff's claims for failure to state a claim upon which relief can be granted: (1) Sigma Nu lacked a duty to protect Plaintiff; (2) Plaintiff's claims fail because of lack of proximate cause; and (3) to the extent Plaintiff's claims rely upon a theory of premises liability, no duty was breached.  At that early stage of the litigation, accepting all well-pleaded factual allegations in the complaint as true and construing the facts alleged in a light most favorable to Plaintiff, the court was not persuaded by Defendants' arguments and denied the motion.

3

citizenship exists.[2]  Having permitted the parties to conduct discovery regarding that issue, the court finds that it is undisputed that Plaintiff's complaint, on its face, fails to allege complete diversity because Plaintiff and Defendant Theta Chapter are both citizens of Tennessee.

Because it is undisputed that this court lacks subject matter jurisdiction over this case as originally filed, Defendants have moved to dismiss the case in its entirety.  In response, Plaintiff has requested that the court dismiss only Defendant Theta Chapter pursuant to the court's discretion under Rules 21 and 41(a)(2) and permit the remainder of the case to go forward in this court.[3]  For the reasons outlined below, the court finds, in its discretion, that dismissal of Defendant Theta Chapter alone, and not the case is its entirety, is the appropriate course of action to remedy the jurisdictional defect.

A.     **Standards for Determining Whether Dismissal is Appropriate Under Rule 21**

While "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed," there are exceptions to this principle, including Rule 21 of the Federal Rules of Civil Procedure. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 831 (1989). Rule 21 provides that "[m]isjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  Fed.R.Civ.P. 21.   As Judge Albritton of

---

[2] The parties have not contested the amount in controversy requirement, and the court finds this requirement to be satisfied.

[3] Although voluntary dismissal under Rule 41(a)(1) "may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction," *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999), the advantages of a Rule 41(a)(1) dismissal are not available to Plaintiff in this case because Defendants do not consent to a stipulated dismissal of Theta Chapter, *Negron v. City of Miami Beach*, 113 F.3d 1563, 1571 (11th Cir.1997) (holding that "[t]he rule is clearly stated: a voluntary dismissal by stipulation is applicable only if all the parties sign off on it." (emphasis in original)).

the Middle District of Alabama has noted, "[g]enerally, a district court's power to dismiss a nondiverse dispensable party comes up in the context of joinder, where the court had subject matter jurisdiction until the diversity-destroying party was added.  In other words, courts routinely dismiss dispensable nondiverse parties to cure a jurisdictional defect and retain jurisdiction." *Byrd v. Howse Implement Co., Inc.*, 227 F.R.D. 692, 694 (M.D.Ala. 2005)(citing *Newman-Green*, 490 U.S. at 832-37).  However, this Circuit also authorizes the use of Rule 21 to perfect diversity by dismissing a nondiverse dispensable defendant in a case like this one – an action initially brought in federal court under the pretense of diversity of citizenship grounds.  *Byrd,* 227 F.R.D. at 694 (citing *Anderson v. Moorer*, 372 F.2d 747, 750 n. 4 (5th Cir.1967) (dropping nondiverse defendants named in the original complaint)).

In determining whether dismissal of Theta Chapter is proper under the tenets of Rule 21, this court must carefully consider whether any of the parties will be prejudiced by its dismissal.  The court accomplishes that task by weighing the following Rule 19 factors to ascertain whether Theta Chapter is a dispensable party: (1) to what extent would a judgment rendered in Theta Chapter's absence be prejudicial to it or to the other parties to this action; (2) to what extent would protective provisions in the judgment, the shaping of relief, or other measures lessen or avoid the prejudice; (3) to what extent will a judgment rendered in Theta Chapter's absence be adequate; and (4) will Plaintiff have an adequate remedy if this action is dismissed. *Newman-Green*, 490 U.S. at 837-38; Fed.R.Civ.P. 19(b).  District courts generally have discretion to determine whether to allow dropping of parties, provided that such parties are determined to be dispensable under the Rule 19 factors. *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985).  Moreover, it is well-settled federal law that joint tortfeasors are not necessarily indispensable parties. *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990).

5

**B.**      **Analysis of the Rule 19 Factors**

In this case, the court finds that a balance of the four relevant factors weighs in favor of dismissal of Theta Chapter.  First, the court finds that a judgment rendered in Theta Chapter's absence would not be prejudicial to it or any other party to this action.  Plaintiff has indicated his intention to re-file his claims against Theta Chapter in the Circuit Court of Tuscaloosa County, Alabama after it is dismissed from this action.  Although Defendants contend that dismissal of Theta Chapter would prejudice them by "creating inconsistent results" if Plaintiff is permitted to maintain a parallel action against Theta Chapter in Alabama state court (Doc. #40, p. 6), this court disagrees.

In this case, the statute of limitations applicable to Plaintiff's negligent supervision and respondeat superior claims against Theta Chapter – the two-year "catch-all" limitations period outlined in Alabama Code § 6-2-38(l) – greatly diminishes, and may even completely eliminate, the possibility of inconsistent results given that it may bar Plaintiff's claims in their entirety should Plaintiff refile this case in state court.   It is undisputed that well in excess of two years has passed since the date of the incident at issue in this case.  Defendants have indicated to the court that they will not stipulate to a waiver of the statute of limitations defense should Plaintiff refile any of his claims in state court if they are dismissed from this case.  Accordingly, the availability of the statute of limitations defense - and virtual certainty that the defense would be raised as to Plaintiff's claims against Theta Chapter should he attempt to pursue them in state court[4] - renders the possibility of

---

[4] Although it would seem logical to this court that the statute of limitations for Plaintiff's state law claims would be tolled during the pendency of those claims in this federal diversity action (as is the case for state law claims pending in federal court when the court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367), the Alabama Supreme Court has not established such a rule and no statute provides for such a tolling exception when the federal court exercises diversity jurisdiction over those claims.  (The tolling provision of Section 1367(d) applies only to state law claims that were filed in conjunction with federal question claims).  Thus, without statutory or case law precedent that carves out a tolling exception for state law claims pending in federal court pursuant to diversity jurisdiction, this court

inconsistent results almost nonexistent.  Moreover, Plaintiff also points out that because his other claims against Defendants Gipson, Chapter House and Sigma Nu that are not predicated upon negligent supervision or respondeat superior, those Defendants may be found liable regardless of whether Theta Chapter is liable.[5]

Second, the court finds that any potential prejudice to Theta Chapter could be lessened or avoided by protective provisions in the judgment, the shaping of relief, or any other measures by the court.  Fed. R. Civ. P. 19(b); *Byrd*, 227 F.R.D. at 694-95; *Smith*, 229 F. Supp. 2d at 1279.  This "second factor calls the court's attention to the possibility of granting remedies other than those specifically requested…[that] would minimize or eliminate any prejudicial effect of going forward without the absentees."  Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d §1608.  Although Defendants argue that "[i]t is not clear whether any measures can do so"  (Doc. #40, p. 8), this court finds that it has discretion to institute any number of safeguards in furtherance of alleviating the possibility of "inconsistent results."

Finally, with respect to the fourth factor,[6] the court finds that, due to the possibility that the statute of limitations would completely bar Plaintiff's refiled claims in state court, Plaintiff would not have an adequate remedy if this action is dismissed in its entirety against Defendants.  Fed. R.

cannot assume that a state court would toll the statute of limitations should Plaintiff refile his claims in state court.

[5] Although Defendants also claim that "inconsistent results" would result in the application of collateral estoppel against Theta Chapter (Doc. #40, pp. 7-8), the court disagrees.  It is well-established that "except in very special circumstances, it is impossible to impair the rights of nonparties in any legal sense under the principles of claim or issue preclusion."  Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* §1604; *see also Smith v. Union Bank & Trust Co.*, 653 So.2d 933, 934 (Ala. 1995).

[6] With respect to the third factor, whether a judgment rendered in Theta Chapter's absence would be adequate, Fed. R. Civ. P. 19(b); *Byrd*, 227 F.R.D. at 694-95; *Smith*, 229 F. Supp. 2d at 1279, Defendants have admitted that a judgment rendered in Plaintiff's favor against Sigma Nu Fraternity, Inc. and/or Chapter House in the absence of Theta Chapter "would be adequate."  (Doc. # 40, p. 8).

7

Civ. P. 19(b); *Byrd*, 227 F.R.D. at 694-95; *Smith*, 229 F. Supp. 2d at 1279.  Although Defendants contend that Plaintiff has an adequate remedy because his counsel allegedly stated that Plaintiff intends to re-file his claims in Alabama state court (Doc. #40, at pp. 3, 8), the availability of the statute of limitations presents substantial questions about whether such a refiling would be effective. At least one other district court in this Circuit has found that a lack of state court remedy resulting from the expiration of the applicable statute of limitations is a basis for determining that a party is dispensable. *Byrd,* 227 F.R.D. at 695.  In so doing, Judge Albritton stated: "if this court were to refuse to permit [plaintiff] to proceed without [the nondiverse defendant], [plaintiff] may be barred by the statute of limitations from bringing most of his claims against [the diverse defendant], leaving [plaintiff] without an adequate remedy as contemplated in Rule 19(b)." *Byrd*, 227 F.R.D. at 695 (citing *LeBlanc v. Cleveland*, 248 F.3d 95, 101 (2d Cir.2001) ).

Accordingly, having reviewed the allegations and law the parties have presented, this court concludes that the nondiverse defendant, Theta Chapter, is dispensable under Rule 19 and that therefore, the parties would not be sufficiently prejudiced by its dismissal.  Therefore, the court will dismiss Defendant Theta Chapter to remedy the jurisdictional defect.  The remainder of the case will proceed in this court.

## IV.     Conclusion

For the reasons stated above, Defendants' motion to dismiss is due to be denied, while Plaintiff's request that Theta Chapter be dismissed is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this ____12th____ day of June, 2007.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE